Douglas DeNose, appellant appearing, pro se, no appellee to appear. Okay, Mr. DeNose, welcome. You have 15 minutes all to yourself, so please go ahead. Good morning, everyone. I'm not going to repeat the rehash, the brief. I think the brief was pretty comprehensive. I tried to make it. Matter of fact, I got a notice from the court that they felt they could rule on it without oral argument. So it must have been comprehensive for the court. But I just would like to focus on make a few points. And if the court has any questions, I'll be happy to answer them. I think there are several issues which would warrant this court concluding the case at this point. There are some issues that the lower court didn't deal with that would be, I think, dispositive on the issue of whether or not the debtor is entitled to his disability enhancement. There was an issue missed by the court with respect to his continued illegal drug use. We discovered this at the trial, the second trial, testimony from his own doctors that he was continuing to use a drug called Versed, which is described as a powerful hospital anesthetic. And as it was pointed out, both by the court in its opinion and read in the converse footnote, I believe it was 59 or 60, where the court said, we know that there's drug use, but it was prescribed drugs. It wasn't in the court disregarded that evidence at trial. So reading that authority in the converse, if it's not prescribed, it would be illegal. And in terms of the Social Security Administration, we're not entitled to him to disability benefits. So there's that issue. I think on the issue of the substantial gainful employment, which is what this court previously in the earlier decision was most interested in, what he could do, whether how many hours he could work, what his salary would be. I offered expert Myers on that. And it's clear from reading his report that what the court missed was something called job transferability skills, which he had a considerable job transferability skills as a dentist. And the expert Myers report gives several good jobs that he could have worked and with a good yearly salary with his job transferability. But moreover, in his deposition, which was taken about two months before this particular petition was filed, he admitted it. He said, I can work, but I'm too busy with my legal problems to to go out and look for a job. So expert Myers comports with the debtors on testimony. And I think at that particular time, he said he could be a dental assistant. And so did expert Myers. And it's a good job. I forget what the figures were, but about fifty thousand dollars a year. In terms of expert Myers, I believe he should have been allowed for a couple of reasons, but I mean. He was there. He was scheduled for testimony. It would have taken me about 45 minutes to put his testimony on. It wouldn't have been a lengthy delay. But the first pretrial scheduling order for experts was back in November, October, November of 2017. I don't have the exact date. And at that time, I designated some experts and they designated some experts. But much later in the case, in January of twenty eight, twenty nineteen. Pardon me. I had subpoenaed the SSA doctors who wrote the reports that we had. And the SSA attorneys got involved quickly to cross the subpoena. We had a hearing. It was a supervising attorney, Miss Gossett, if I'm pronouncing that correctly. And she kind of educated all of us. No one, not even the court, really knew what was going on with the SSA records and what they based their decision on for the determination of disability and what records were in there. None of us knew any of that. Even the court acknowledged that, I believe. She informed us that there are special people who review these reports and and testify at the SSA hearings and so forth. It was at that point in time when I realized that people like expert Myers were out there to look at these types of cases. So I I obtained the expert and had him listed him with the court. The court said, file, get your opinion to file it. And I did about four months before his testimony. And nobody said anything. Nobody objected to him. And then, of course, on the day of the hearing, the debtor's attorney filed a motion to exclude him. And I was a little surprised at that. But in any event, I think what this court was looking for was just that type of testimony. And he provided it, I think, sufficient enough to conclude the case. There is a lot of other jobs out there that this debtor could have done. And the debtor admitted the same, basically the same himself. So I think I should have had the opportunity to add expert Myers. The court should have considered his testimony, given it whatever weight. But he was just excluded. And I don't think that was appropriate. I thought what we were after was the truth. And he was the fellow who knew the most about the SSA regulations. And he knew all the CFR regular, all the piece parts that the SSA uses. As far as the opinion itself, I think the court itself, Judge Mund, she acknowledged at one point in the transcripts that I provided that I needed all those SSA records. Everybody pretty much agreed on that. And then she excluded me from, prohibited me from getting them because she punished me for something that I didn't do. And she claimed that it was my fault that we didn't get those records when it wasn't. It was the court's fault. It was the debtor's fault. It was always blocking me for any discovery I wanted to do. And the court made a mistake about who prepared the first defective release and blamed it on me and said that's the reason why you can't prepare the defective. And it wasn't me. It was the debtor's attorney who prepared that. So I think that was, you know, I shouldn't have been punished. There are more SSA records, which I would be happy to give to my expert who would comment. And he even said he would like to see them. I personally don't feel we need to go any further with the items I've mentioned above that there is obvious continued illegal drug use. He's not entitled to the presumption. And we have an expert who's said without any question there are other jobs that he could have done. And there was never any, never, never an attempt to dispute that by the debtor. Very little, you know, there's no brief here by the debtor, but even below. The court had also made an order, I think I cited it, for the debtor to sign a new, a fresh release. When the SSA attorney got involved, she said no, no, you're doing it all wrong. Here's how you do it. And I contacted her and said tell me how to prepare the release and we'll do it again. So the court said okay, I'm going to order the debtor to sign this fresh release so we can get these records. And there was a stipulation on the record by the debtor and his attorney. And then the debtor changed his mind, didn't want to do it, and the court didn't enforce it. So I think I had a right to expect that that order would have been enforced, that there would have been a fresh release signed and the record would have been obtained. Part of the objection by the debtor was that we didn't have all the SSA records in his brief that he filed below, you know, in summary after the trial. And we didn't have those records because of the debtor. So my hands were kind of tied. With respect to the new trial motion, I think that I had sufficient grounds to ask the court to consider maybe a limited partial reopening for just the expert testimony from Mr. Myers. But the court kind of shut that down pretty quickly. You know, I think a lot of this, some of this may be, this case has been around for a long time and I think, you know, the court wants to move on. But I think that the court could have, it would have been very little extra effort to allow him to testify that day. And he was there, he was present, everybody was present. And I just think it was, it would have been easy, easier to put him on, let him testify and then make the decision. So that's all the points that I want to emphasize. I'm happy to answer any questions that the court might have. Okay. Anybody have any questions for Mr. DeNos? Okay. I think we have a good handle on your case from your brief and what you said today. So thank you very much. The matter is submitted. We'll be sending you a written decision in due course. Thank you. Thank you.
judges: Faris, Lafferty, Gan